IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

| | | |
|---|---|---|
| HERMAN H. STEVENSON, III, | ) | |
| Reg #24905-034 | ) | |
|    Petitioner, | ) | **Case No. 2:12-CV-00233 BSM-JTK** |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN B. FOX, Warden, | ) | |
| FCI – Forrest City | ) | |
|    Respondent. | | |

## PROPOSED FINDINGS AND RECOMMENDATIONS

### Instructions

The following recommended disposition has been sent to United States District Court Chief Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the

>District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## Disposition

This matter is before the undersigned United States Magistrate Judge of the District Court on the petition of federal prisoner Herman Stevenson, III for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1). Respondent has filed a response contending that the Petition should be dismissed. (Doc. No. 8).

## Background

Petitioner is currently incarcerated at the Federal Correctional Institution in Forrest City, Arkansas (FCI-Forrest City). On January 13, 1996, he was convicted by a jury in the Eastern District of Louisiana of two drug offenses and knowingly using and carrying a firearm during and in relation to drug offenses. He was sentenced to 235 concurrent months' imprisonment for each of the two drug counts and 60 consecutive months for the firearm count. Petitioner repeatedly filed § 2255 challenges that seem to have been identical to the present challenge, but these were rejected by the sentencing court and the Fifth Circuit Court of Appeals.[1]

---

[1] The Fifth Circuit cautioned him regarding frivolous, repetitive, or otherwise abusive filings on at least one occasion. *See* Pet. 39, Doc. No. 1.

**Discussion**

Petitioner argues that he was illegally convicted of the firearm offense given the Supreme Court's interpretation of 18 U.S.C. § 924(c)(1) in *Bailey v. United States*, 516 U.S. 137 (1995). *Bailey* held that conviction under 18 U.S.C. § 924(c)(1) required evidence sufficient to show active employment of a firearm by the defendant rather than mere possession.[2]

Issues concerning the lawfulness of a federal conviction and the sentence imposed generally must be brought in the sentencing court (in this case, the Eastern District of Louisiana) through a 28 U.S.C. § 2255 motion to vacate, set aside, or correct, and not in a habeas petition filed in the court of incarceration (in this case, the Eastern District of Arkansas) under § 2241. *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010); *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003); 28 U.S.C. § 2255(a) (a federal prisoner "may move the court which imposed the sentence" to vacate, set aside or correct the sentence). Because a § 2255 motion attacks the *validity* of the conviction or sentence, it is "a further step in the movant's criminal case," and subject matter jurisdiction lies with the court that convicted and sentenced him. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983). In contrast, a § 2241 habeas corpus petition attacks the *execution* of a sentence, or the manner in which the sentence is being carried out, and it is within the subject matter jurisdiction of the court presiding in the judicial district where the prisoner is incarcerated. *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009); *Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002); *DeSimone*, 805 F.2d at 323; *Cain v. Petrovsky*, 798 F.2d 1194, 1196 n.3 (8th Cir. 1986).

However, Section 2255 contains a "savings clause" that provides an application for relief

---

[2] As noted in *Abbott v. United States*, 131 S. Ct. 18, 178 L. Ed. 2d 348 (2010), *Bailey* was subsequently superseded by a statutory change.

shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Thus, the issue before the Court is whether § 2255 was inadequate or ineffective to test the legality of Petitioner's conviction. If § 2255 was adequate or effective, then the Court lacks jurisdiction to entertain Petitioner's § 2241 claims.

"The prisoner has the burden of demonstrating § 2255 relief in the sentencing court would be unavailable or ineffective. Significantly, in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." *Hill*, 349 F.3d at 1091 (internal citations omitted). Petitioner appears to argue that § 2255 was inadequate because there was an intervening change in the law. However, *Bailey* was decided on December 6, 1995, and Petitioner was convicted on January 13, 1996, and sentenced on April 30, 1997.

Petitioner has failed to satisfy his burden. He has repeatedly raised his current arguments in his previous § 2255 petitions, and "[a] prisoner cannot raise, in a § 2241 motion filed in the district of incarceration, an issue which could [have been] or was actually raised in the § 2255 motion filed in the sentencing district." *Nichols v. Symmes*, 553 F.3d 647, 650 (8th Cir. 2009) (quoting *Hill*, 349 F.3d at 1092). Accordingly, the Court lacks jurisdiction to hear Petitioner's § 2241 petition.

IT IS THEREFORE ORDERED that Petitioner's application for writ of habeas corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2241 be, and it is hereby, dismissed, without prejudice. The relief prayed for is DENIED.

SO ORDERED this 19th day of April, 2013.

_____
United States Magistrate Judge